UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

THE HANOVER INSURANCE
COMPANY,

    Petitioner,

vs.

HARRY J. ROSS,
ANDREA ZIDE, and
STRACHUR WORLDWIDE LTD.,

    Respondents.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Petitioner, THE HANOVER INSURANCE COMPANY ("Hanover" or "Petitioner"), by and through its undersigned counsel, hereby sues HARRY J. ROSS ("Ross"), ANDREA ZIDE ("Zide") and STRACHUR WORLDWIDE LTD ("Strachur")(collectively, "Respondents") for declaratory relief and states the following:

## NATURE OF ACTION

1. This is an action by Hanover for a judgment declaring the parties' respective rights, duties, and obligations under a professional liability policy of insurance.

2. Hanover seeks a judgment declaring that it has no duty to defend nor indemnify Ross or any other putative insured under the professional liability policy of insurance issued to Ross in relation to underlying claims brought by Andrea Zide and Strachur Worldwide Ltd. against Ross and filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (hereinafter the "Underlying Litigation" or "Underlying Complaint").

**GENERAL ALLEGATIONS**

3. At all material times, Hanover was a Massachusetts insurance company with its principal place of business in Massachusetts.

4. At all material times, Ross was a resident of Palm Beach County, in the State of Florida, and a citizen of the State of Florida.

5. At all material times, Zide was a citizen of Brazil.

6. At all material times, Strachur was a citizen of the British Virgin Islands.

7. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as complete diversity of citizenship exists between the Petitioner and Respondents and the amount in controversy exceeds $75,000.00.

8. Venue is proper because a substantial portion of the events giving rise to the claims occurred in this District and, in the alternative, Respondents are subject to the Court's personal jurisdiction in this District, pursuant to 28 U.S.C. §1391.

9. This action is brought pursuant to 28 U.S.C. §2201 and seeks declaratory relief as to Hanover's obligations to Ross in relation to the action commenced by Zide and Strachur (collectively referred to as "Claimants"). Hanover is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the subject insurance policy. An actual and justiciable dispute over these duties, rights, and obligations exists between the parties.

**THE AT-ISSUE POLICY**

10. At all times material, Hanover had in full force and effect a Lawyers Advantage Professional Liability policy of insurance issued to Ross numbered LHC H610287 01 with

effective dates of May 14, 2022 through May 14, 2023. A true and accurate copy of the Hanover policy is attached hereto as Exhibit "A".

11. Coverage A of the insuring agreement of the subject policy provides for coverage for professional services coverage as follows:

**A. COVERAGE**

1. Professional Services Coverage

**We** will pay on **Your** behalf those sums which **You** become legal obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act**.

12. The insurance policy defines "professional services" as:

Per D. Definitions:

**Professional Services** means advice given or services performed for others for a fee, as a

1. Lawyer, mediator, collaborative lawyer, arbitrator, notary public, administrator, conservator, receiver, guardian, trustee, or in any similar fiduciary capacity, but only if the services rendered are those ordinarily performed by a lawyer;
2. Law clerk, paralegal, legal secretary, notary public, or other legal support staff;
3. Title insurance agent, title abstractor (including providing title opinions or title certifications), title searcher, escrow agent, or closing agent;
4. Speaker, author of legal treatises, presenter of legal seminars, or lobbyist;
5. Expert witness only when retained to offer expert opinion on issues related to the law, legal procedures or practices, or the legal profession;
6. Member of a formal accreditation, ethics, peer review, licensing board, standards review, bar association or similar professional board or committee; and
7. Pro-bono services appointed by a court and pro-bono services on behalf of a **Non-Profit Entity**, in 1. And 2. Above, performed with the prior written consent of the **Named Insured**.

**Professional Services** does not mean:

8. Any activity as a Certified Public Accountant, Insurance Broker or Agent (other than a lawyer acting as a Title Insurance Agent), or Real estate Broker or Agent.

**Wrongful Act** and **Wrongful Acts** mean any actual or alleged negligent act, error, omission, misstatement, or **Personal Injury** in the rendering of or failure to render **You Professional Services**. When a **Claim** is based upon or arises out of more than

3

one **Wrongful Act**, the date of all such **Wrongful Acts** shall be deemed to be the date of the first such **Wrongful Act**, whether prior to or during the **Policy Period**.

13. The insurance policy also provides the following exclusions, which are applicable to the above professional services coverage:

**E. EXCLUSIONS**

1. This **Policy** does not apply to **Claim(s)** or **Supplemental Coverage Matter(s)** based upon, arising out of, or in any way relating to, directly or indirectly:

a. Conduct

Any **Insured** committing any intentional, dishonest, criminal, malicious or fraudulent act or omission. However, **We** will defend **Claims** alleging any of the foregoing conduct until there is a judgment, **Final Adjudication**, or finding of fact against, or adverse admission by, any of **You** as to such conduct at which time **You** shall reimburse **Us** for **Claim Expenses**. **We** shall not cover any **Claim** if **You** plead nolo contendere or no contest to a criminal proceeding against **You** arising out of the same, or essentially the same, material fact as such **Claim**.

h. Contract
Liability **You** assume under any contract or agreement; however, this exclusion 1.h does not apply to liability You would have in the absence of such contract or agreement.

i. Misappropriation

Any actual or alleged conversion, commingling, misappropriate, or improper use of funds, monies or property; or any inability or failure to safeguard or pay or collect any funds, notes, drafts, or other negotiable instruments, deposited in or payable from, any **Insured's** or former **Insured's** account including an attorney trust account, or any resulting deficiency, overdraft or default;

j. False Pretense

Any transfer, payment or delivery of funds, money or property, by anyone, which was caused or induced by trick, artifice, or the misrepresentation of a fact including, but not limited to, funds transfer fraud, social engineering, computer fraud, pretexting, phishing, spear phishing or any other confidence trick.

## **THE UNDERLYING LITIGATION**

14. On December 23, 2022, the Claimants filed a lawsuit against Ross in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, with Case Number [50-2022-CA-012659-XXXX-MB](50-2022-CA-012659-XXXX-MB) ("Underlying Litigation" or "Underlying Complaint"); a copy is attached as Exhibit "B".

15. The claims brought by the Claimants against Ross plead the following counts: (1) breach of contract; (2) conversion; (3) legal malpractice; (4) injunction; and (5) negligence.

16. The Underlying Litigation essentially alleges that Ross, pursuant to a contract to serve as escrow agent, failed to return an escrow deposit in the sum of $1.2 million to Claimants or that he otherwise transferred said monies to an unauthorized party.

17. In particular, the Underlying Litigation alleges that:

    a. "Ross breached the contract by failing to return the escrow deposit to Plaintiffs, or by illegally transferring it to an unauthorized party". *Id*. at ¶13 (Count I).

    b. "Defendant wrongfully and permanently expropriated Plaintiff's 1.2 million dollars and has refused to return same. *Id*. at ¶16 (Count II).

    c. "Ross negligently breached his duty by improperly and illegally distributing 1.2 million dollars of Plaintiff's funds to non-authorized parties or individuals". *Id*. at ¶20 (Count III).

    d. "Plaintiff has a clear legal right to the return of their 1.2 million dollars in escrow funds". *Id*. at ¶23 (Count IV).

    e. "Ross negligently breached that duty by improperly transferring the 1.2 million-dollars escrow money to an unidentified third party". *Id*. at ¶31 (Count V).

18. Hanover has a good faith basis to believe that Claimants' alleged damages (although disputed) are above the $75,000.00 jurisdictional limit required to establish diversity

jurisdiction. Additionally, Claimants have demanded monies in excess of $75,000 in the Underlying Litigation.

19. Hanover is providing Ross with a defense in the Underlying Litigation subject to reservations of rights, which specifically identify the provisions and exclusions set forth above.

## **COUNT I**

Hanover hereby adopts, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

20. Hanover believes and contends that coverage is excluded to Ross and all purported insureds under the subject policy set forth above for the claims asserted in the Underlying Litigation which allege offenses that are excluded due to the exclusions and terms of the policy.

21. Hanover is in doubt of its rights under the policy and seeks a declaration of its rights and obligations with respect to the Underlying Litigation and its defense obligations related thereto.

22. Hanover seeks the entry of a judgment by this Court declaring that under the above-referenced policy of insurance, Hanover does not have a duty to defend nor indemnify Ross and any purported insured in connection with the Underlying Litigation because coverage is precluded by one or more of the above terms, exclusions, or endorsements.

23. There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of Hanover with regard to the Underlying Litigation.

24. There exists a present ascertained or ascertainable state of facts concerning the rights and obligations of Hanover under the subject insurance policy.

25. Hanover and the purported insured, Ross, as well as the Claimants, Zide and Strachur, have a present, actual, and antagonistic controversy in the subject matter described herein.

26. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, Hanover is entitled to a declaration that the Hanover policy does not provide coverage for the claims asserted by Zide and Strachur in the Underlying Litigation.

27. All necessary and present interests are before the Court.

28. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

29. Hanover reserves its right and is otherwise entitled to seek recoupment of any and all defense costs and expenditures, including attorneys' fees, from Ross in relation to the Underlying Litigation in the event that this Court determines that no coverage is available.

WHEREFORE, The Hanover Insurance Company respectfully requests that this Court declare, as a matter of law that:

- Hanover has no duty to defend Ross with respect to the Underlying Litigation;

- Hanover has no duty to indemnify Ross with respect to the damages claimed in the Underlying Litigation;

- Hanover is entitled to a judgment for the recoupment of the defense costs incurred in defense of the underlying action; and

- Any additional relief this Court deems just and appropriate.

DATED:  May 25, 2023.

Respectfully submitted,

By: */s/ Yadhira Ramírez-Toro*
KENNETH P. CARMAN
Florida Bar No. 251623
GREGORY A. VICTOR
Florida Bar No.: 306371
YADHIRA RAMIREZ-TORO
Florida Bar No.: 120506
**TORRESVICTOR**
1451 W. Cypress Creek Road
Suite 211
Ft. Lauderdale, FL 33309
Tel.: 954-416-2468
Fax: 561-270-0250
kcarman@torresvictor.com
skahn@torresvictor.com
gvictor@torresvictor.com
mramirez@torresvictor.com
yramireztoro@torresvictor.com
thernandez@torresvictor.com
*Attorneys for Petitioner*