UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80829-RLR

The Hanover Insurance Company,

Petitioner,

v.

Harry J. Ross, Andea Zide, and
Strachur Worldwide Ltd.,

Respondents.
_________________________________/

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

Respondent Harry J. Ross answers plaintiff, The Hanover Insurance Company's Complaint for Declaratory Relief as follows:

1. Uncontested.

2. Respondent does not contest petitioner's characterization of the relief it seeks, but respondent denies petitioner is entitled to the relief it seeks.

3. Uncontested.

4. Uncontested.

5. Uncontested.

6. Uncontested.

7. Uncontested.

8. Denied.

9. Uncontested.

10. Respondent admits he was insured under a professional liability insurance policy issued by Petitioner that provides coverage for the claims asserted against him in the underlying action. Respondent does not know whether Exhibit A is a true copy of the policy.

11. Respondent admits that Paragraph 11 quotes accurately from Exhibit A, **A. Coverage**, 1. Professional Services Coverage."

12. The word "executor" is omitted between the words "receiver" and "guardian" in Paragraph 1; the word "And" in paragraph 7 should not be capitalized; and the word "**You**" was substituted for the word "**Your**" in the phrase "**Your Professional Services**" in the definition of **Wrongful Act** and **Wrongful Acts**. With those exceptions, respondent admits that Paragraph 12 quotes accurately from Exhibit A.

13. The word "misappropriate" was substituted for the word "misappropriation" in exclusion i. With this exception, respondent admits that Paragraph 12 quotes accurately from the exclusions a. h., i. and j.

14. The date the underlying lawsuit was filed is unknown. With that exception, the allegations in this paragraph are uncontested.

15. The underlying complaint speaks for itself and is the best evidence of its terms. For this reason, the allegations contained in paragraph 15 are denied.

16. The underlying complaint speaks for itself and is the best evidence of its terms. For this reason, the allegations contained in paragraph 16 are denied.

17. Respondent admits that paragraph 17 quotes accurately from paragraphs 13, 16, 20, 23, and 31 of Exhibit B.

18. Uncontested.

19. Respondent admits that Petitioner is providing him with a defense under a reservation of rights. Except as expressly admitted, the allegations in paragraph 19 are denied.

20. Respondent admits that Petitioner contends that it does not cover the claims asserted against respondent in Exhibit B. Except as expressly admitted, the allegations in paragraph 20 are denied.

21. Uncontested.

22. The ad damnum clause of the Petition speaks for itself and is the best evidence of its terms. For this reason, the allegations in paragraph 22 are denied.

23. Denied.

24. Denied.

25. Respondent admits that a conflict of interests exists between petitioner and respondent. Except as expressly admitted, the allegations in paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Respondent has agreed to pay reasonable fees to Joseph S. Kashi, P.A. for its representation in this action.

Wherefore, respondent requests the court to declare that petitioner has the duty to defend and indemnify respondent against the claims of Andrea Zide and Strachur Worldwide Ltd.; provide respondent with all appropriate relief; award reasonable attorney's fees and costs to respondent; and submit to a jury all issues of fact necessary to resolve this action.

I certify that this document was filed on June 16, 2023 on the court's CM ECF system, and a copy will be served through CM ECF on:

Kenneth P. Carman
Gregory A. Victor
Yadhira Ramirez-Toro
Torres Victor
1451 West Cypress Creek Road, Suite 211
Fort Lauderdale, Florida 33309

Joseph S. Kashi, P.A.

/s Joseph S. Kashi
Florida Bar Number 219398
10791 Hawks Vista Street
Plantation, Florida 33324
954-364-3780 Office
954-364-3781 Facsimile
jkashi@jskpa.com

Counsel for respondent Ross