**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**HANOVER INSURANCE COMPANY**,
Petitioner,
v.

**CASE NO.: 9-23-CV-80829-RLR**

**ANDREA M. ZIDE** and
**STRACHUR WORLDWIDE LTD.**
Respondents.
_____________________________________/

**RESPONDENTS' MOTION FOR LEAVE TO FILE TRANSCRIPT OF DEPOSITION OF EDMOND ANDREWS IN AID OF THEIR OPPOSITION [DE #48] TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

**COME NOW,** Respondents, Andrea Zide and Strachur Worldwide Ltd, by and through the undersigned counsel, and file this, their Motion for Leave To File Transcript of Deposition of Edmond Andrews in Aid of Their Opposition [DE #48] To Plaintiff's Motion For Summary Judgment, and in support state as follows:

## PROCEDURAL HISTORY

1. On March 7, 2023, Respondents Andrea Zide and Strachur Worldwide Ltd, filed an Amended Complaint against Harry Ross in case no. **50-2022-CA-012659-XXXX-MB** in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. (DE # 48, at Exhibit 1 – Malpractice Amended Complaint, pp. 1-5).

2. The Amended Complaint alleges that on October 17, 2022, Ross executed a contract (Escrow Agreement) to serve as escrow agent and that pursuant to aforementioned escrow agreement, Ross received $1.2 million dollars from Respondents, which was held in his I.O.T.A. escrow account. (DE # 48, at Exhibit 2 – Escrow Agreement, pp. 1-9).

3. The Amended Complaint further alleges that the Escrow Agent shall not distribute the Escrow Deposit in any other fashion than what is defined in the escrow agreement. (DE # 48, at Exhibit 1, p. 2).

4. The Amended Complaint alleges that Ross illegally, improperly, distributed and/or transferred $1.2 million to an unidentified, unauthorized third party. (DE # 48, at Exhibit 1, pp. 2-4).



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

5. On July 13, 2023, Respondent Andrea Zide filed an Amended Complaint in case no. **50-2023-CC-008742-XXXX-MB** in the County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, asserting three counts: defamation *per se*, tortious interference with business relationship and fraud. (DE # 48, at Exhibit 3 – Defamation Amended Complaint, pp. 1-4).

6. On May 25, 2023, Hannover Insurance Company filed a Complaint for Declaratory Relief, case no. **9-23-CV-80829-RLR**, where Petitioner Hanover seeks a judgment declaring that it has no duty to defend nor indemnify Ross or any other putative insured under the professional liability policy of insurance issued to Ross in relation to underlying claims brought by Andrea Zide and Strachur Worldwide Ltd. against Ross and filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. (DE # 48, at Exhibit 4 – Declaratory Relief Complaint, pp. 1-7)

7. Harry J. Ross was deposed on May 10, 2023. (DE # 48, at Exhibit 5 – Ross First Deposition, full transcript). He was deposed again on October 5, 2023.

## HARRY J. ROSS' NARRATIVE

8. Mr. Ross, a Florida licensed attorney since 1990, became involved in this matter when Andrea Zide sent him on October, 2022, an email in reference to a possible escrow agreement (DE # 48, at Exhibit 9, p. 1).

9. In his deposition, Harry Ross also claims that, after he received the $1.2 million dollars in funds to be escrowed, "Iztok Plevnik" comes into the picture. ( DE # 48, at Exhibit 5, p. 56, ll. 18 – 25). Plevnik supposedly informs Ross that the $1.2 million dollars was money laundering by Zide. (DE # 48, at Exhibit 5, p. 57, ll. 8 – 21).

10. Ross has also furthered the following narrative [at *Ross's* [sic] *Response To Hannover's Statement of Undisputed Facts*, DE #47]:

> ***32***. Jim Pielet and Edmond Andrews were Mr. Ross's clients. (Exhibit 6, page 29, line 25 to page 30, line 2) Mr. Pielet and Mr. Andrews were Mr. Ross's contact with Mr. Hubner. (*Id.* at page 30, lines:15-17) Mr. Hubner was not a signatory to the escrow agreement, but he introduced Mr. Ross to the deal. (*Id.* at page 38, line 22 to page 39, line 7) Mr. Ross checked on who Mr. Hubner was with Mr. Pielet and Mr. Andrews. (*Id.* at page 39, lines 17-20; page 41, lines 13-18) Mr. Ross knew Mr. Pielet for more than twenty years and knew Mr. Andrews for approximately four years and "[found] both of them to be upright, outstanding, wonderful, honest people." (*Id.* at page 58, lines 19-23)



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

> …
> ***51***. Ross got involved in this case after Hubner contacted two of Ross's clients about having Ross serve as a pay master. (*Id.* at page 7, line 24 to page 9, line 3)
>
> ***52***. The clients were Jim Pielet and Edmond Andrews. (*Id.* at page 29, line 15 to page 30, line 2)
> *53*. Pielet and Andrews were the contact with Hubner. (*Id.* at page 30, lines 15-17)
> …
> ***59***. Plevnik was introduced to Ross by Andrews and Pielet. (*Id.* at page 57, lines 23-24)
>
> ***60***. Pielet and Andrew told Ross that Plevnik was a federal agent who worked for a special branch of the United States Government. (*Id.* at page 62, lines 18-20)
>
> ***61***. Pielet and Andrews were present in Ross's office the first time Ross met with Plevnik. (*Id.* at page 58, lines 4-6)
>
> ***62***. Ross knew Pielet for more than twenty years and knew Andrews for approximately four years and "[found] both of them to be upright, outstanding, wonderful, honest people." (*Id.* at page 58, lines 19-23)

(See DE #47, **¶¶32**; **51-53**; **59-62**).

11. On April 10, 2024, Plaintiff took the deposition of Edmond Andrews.

12. Mr. Andrews could **not** corroborate any of the foregoing narrative.

13. The transcript of Mr. Andrews will assist this court in determining that a genuine issue of material fact or credibility exists to preclude entry of summary judgment in favor of Plaintiff.

14. A leave of a maximum twenty (20) days will allow the court reporter adequate time to turn around the transcript of Mr. Andrews' deposition.

15. This motion is not brought for purposes of delay and will not prejudice any of the parties involved; to the contrary, it will assist in the fair administration of justice.

16. On April 12, 2024, the undersigned sent a conferral e-mail to all the parties involved about his intent to file the transcript of Mr. Andrews' deposition and received no objection as of this filing.

**WHEREFORE**, the Respondents, Andrea M. Zide and Strachur Worldwide Ltd., by and through her undersigned counsel, hereby respectfully ask this Honorable Court for a leave of twenty (20) days to file the transcript of the deposition of Edmond Andrews in aid of their Opposition [DE #48] to Plaintiff's Motion For Summary Judgment and to grant such other and further relief the Court deems just, fair, and equitable.



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on this 17th day of April, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:______________________

Robert I. Rubin, Esq.
Florida Bar No. 7293
Counsel for Plaintiff
Telephone: (561) 322-5752
E-Mail: robertianrubin1958@gmail.com
pleadingsrir@gmail.com