**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**HANOVER INSURANCE COMPANY**,
Petitioner,
v.

**CASE NO.: 9-23-CV-80829-RLR**

**ANDREA M. ZIDE** and
**STRACHUR WORLDWIDE LTD.**
Respondents.
_______________________________________/

**RESPONDENTS' SUPPLEMENTAL RESPONSE PURSUANT TO COURT ORDER [DE #63] IN AID OF THEIR OPPOSITION [DE # 48] TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [DE # 38]**

**COME NOW,** Respondents, Andrea Zide and Strachur Worldwide Ltd, by and through the undersigned counsel, and file this, their Supplemental Response Pursuant to Court Order [DE #63] in Aid of Their Opposition [DE #48] To Plaintiff's Motion For Summary Judgment [DE # 38], and in support state as follows:

## PROCEDURAL HISTORY

1. On March 7, 2023, Respondents Andrea Zide and Strachur Worldwide Ltd, filed an Amended Complaint against Harry Ross in case no. **50-2022-CA-012659-XXXX-MB** in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. (DE # 48, at Exhibit 1 – Malpractice Amended Complaint, pp. 1-5).

2. The Amended Complaint alleges that on October 17, 2022, Ross executed a contract (Escrow Agreement) to serve as escrow agent and that pursuant to aforementioned escrow agreement, Ross received $1.2 million dollars from Respondents, which was held in his I.O.T.A. escrow account. (DE # 48, at Exhibit 2 – Escrow Agreement, pp. 1-9).

3. The Amended Complaint further alleges that the Escrow Agent shall not distribute the Escrow Deposit in any other fashion than what is defined in the escrow agreement. (DE # 48, at Exhibit 1, p. 2).

4. The Amended Complaint alleges that Ross illegally, improperly, distributed and/or transferred $1.2 million to an unidentified, unauthorized third party. (DE # 48, at Exhibit 1, pp. 2-4).

5. On July 13, 2023, Respondent Andrea Zide filed an Amended Complaint in Case no. **50-2023-CC-008742-XXXX-MB** in the County Court in and for Palm Beach County, Florida,



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

asserting three counts: defamation *per se*, tortious interference with business relationship and fraud. (DE # 48, at Exhibit 3 – Defamation Amended Complaint, pp. 1-4).

6. On May 25, 2023, Hannover Insurance Company filed a Complaint for Declaratory Relief, case no. **9-23-CV-80829-RLR**, where Petitioner Hanover seeks a judgment declaring that it has no duty to defend nor indemnify Ross or any other putative insured under the professional liability policy of insurance issued to Ross in relation to underlying claims brought by Andrea Zide and Strachur Worldwide Ltd. against Ross and filed in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. (DE # 48, at Exhibit 4 – Declaratory Relief Complaint, pp. 1-7)

7. Harry J. Ross was deposed on May 10, 2023. (DE # 48, at Exhibit 5 – Ross First Deposition, full transcript). He was deposed again on October 5, 2023.

**<u>HARRY J. ROSS' NARRATIVE</u>**

8. Mr. Ross, a Florida licensed attorney since 1990, became involved in this matter when Andrea Zide sent him on October, 2022, an email in reference to a possible escrow agreement (DE # 48, at Exhibit 9, p. 1).

9. In his deposition, Harry Ross also claims that, after he received the $1.2 million dollars in funds to be escrowed, "Iztok Plevnik" comes into the picture. ( DE # 48, at Exhibit 5, p. 56, ll. 18 – 25). Plevnik supposedly informs Ross that the $1.2 million dollars was money laundering by Zide. (DE # 48, at Exhibit 5, p. 57, ll. 8 – 21).

10. Ross has also furthered the following narrative [at *Ross's* [sic] *Response To Hannover's Statement of Undisputed Facts*, DE #47]:

> ***32***. Jim Pielet and Edmond Andrews were Mr. Ross's clients. (Exhibit 6, page 29, line 25 to page 30, line 2) Mr. Pielet and Mr. Andrews were Mr. Ross's contact with Mr. Hubner. (*Id.* at page 30, lines:15-17) Mr. Hubner was not a signatory to the escrow agreement, but he introduced Mr. Ross to the deal. (*Id.* at page 38, line 22 to page 39, line 7) Mr. Ross checked on who Mr. Hubner was with Mr. Pielet and Mr. Andrews. (*Id.* at page 39, lines 17-20; page 41, lines 13-18) Mr. Ross knew Mr. Pielet for more than twenty years and knew Mr. Andrews for approximately four years and "[found] both of them to be upright, outstanding, wonderful, honest people." (*Id.* at page 58, lines 19-23)
>
> …
>
> ***51***. Ross got involved in this case after Hubner contacted two of Ross's clients about having Ross serve as a pay master. (*Id.* at page 7, line 24 to page 9, line 3)



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

> ***52***. The clients were Jim Pielet and Edmond Andrews. (*Id.* at page 29, line 15 to page 30, line 2)
> *53*. Pielet and Andrews were the contact with Hubner. (*Id.* at page 30, lines 15-17)
> …
> ***59***. Plevnik was introduced to Ross by Andrews and Pielet. (*Id.* at page 57, lines 23-24)
>
> ***60***. Pielet and Andrew told Ross that Plevnik was a federal agent who worked for a special branch of the United States Government. (*Id.* at page 62, lines 18-20)
>
> ***61***. Pielet and Andrews were present in Ross's office the first time Ross met with Plevnik. (*Id.* at page 58, lines 4-6)
>
> ***62***. Ross knew Pielet for more than twenty years and knew Andrews for approximately four years and "[found] both of them to be upright, outstanding, wonderful, honest people." (*Id.* at page 58, lines 19-23)
>
> (See DE #47, **¶¶32**; **51-53**; **59-62**).

11. On April 10, 2024, Plaintiff took the deposition of Edmond Andrews.

12. Mr. Andrews could **<u>not</u>** corroborate any of the foregoing narrative.

13. The transcript of Mr. Andrews, attached hereto as Exhibit "**A**", will assist this court in determining that a genuine issue of material fact or credibility exists to preclude entry of summary judgment in favor of Plaintiff.

14. On May 10, 2024, Respondents took the deposition of James "Jim" Pielet.

15. Mr. Pielet appeared at the deposition along with his Chicago criminal attorney Dennis A. Berkson. He proceeded to invoke his Fifth Amendment right against self-incrimination in virtually every question including those pertaining to his business(es) and dealings with Mr. Ross. See Mr. Pielet's deposition transcript is attached hereto as Exhibit "**B**".

16. In the summary judgment stage, the Court should draw all reasonable inferences from Mr. Andrews' deposition and Pielet's "pleading the Fifth" <u>in favor of the nonmoving Respondents</u>. In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id*.

17. Mr. Ross has claimed that he acted on the reliable advice of Andrews and Pielet; yet, no aspect of his story could be corroborated by the latter pair. Therefore, the Court should deny



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

Hanover its summary judgment based on a potential adverse-inference jury instruction drawn by the facts of this case. *See Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1310 (11th Cir. 2014):

> [T]he admissibility of a nonparty's invocation of the Fifth Amendment privilege against self-incrimination and the concomitant drawing of adverse inferences should be considered "on a case-by-case basis." *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1481 (8th Cir.1987); *accord LiButti v. United States*, 107 F.3d 110, 123 (2d Cir. 1997); *F.D.I.C.*, 45 F.3d at 978; *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 277 (3d Cir.1986). A leading case on this issue is *LiButti v. United States* from the Second Circuit. *LiButti* recognized, as we do here, that the "overarching concern" that should guide the admissibility inquiry "is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." 107 F.3d at 124. After surveying pertinent cases from the other circuits, *LiButti* identified four non-exclusive factors for courts to consider: (1) "the nature of the relevant relationships"; (2) "the degree of control of the party over the nonparty witness"; (3) "the compatibility of the interests of the party and non-party witness in the outcome of the litigation"; and (4) "the role of the non-party witness in the litigation." *Id.* at 123-24 (capitalization altered). *LiButti* made clear that these factors should be applied flexibly and that an invocation is not barred even if not all of the factors are satisfied. *See id.* We agree with and adopt the *LiButti* analysis — *i.e.*, that the admissibility of a nonparty's invocation of the Fifth Amendment privilege and the concomitant drawing of adverse inferences should be considered by courts on a case-by-case basis. We also agree that *LiButti*'s non-exclusive factors should be applied flexibly and that the overarching concern is whether the adverse inference is trustworthy under all of the circumstances."

18. Further, Mr. Ross is listed as a "Legal Advisor" on the website of Mr. Pielet's business[1].

19. Here the Court should also deny the summary judgment due to questions about the appropriateness of Mr. Pielet's assertion of the Fifth Amendment privilege at all or in regards to the interconnected interests of his and Mr. Ross' business especially since Mr. Pielet is believed to be the custodian as well as the sole employee and officer of his business.

20. The right against self-incrimination is a *personal* privilege that does not extend to a corporation or its records. *Bellis* v. *United States*, 417 U.S. 85, 89-91 (1974)(holding that a lawyer couldn't withhold his law firm's documents, even if those documents would tend to incriminate him). Further, a corporate record custodian may not resist a subpoena on the grounds that the contents of the documents would be personally incriminating. See *Braswell* v. *United States*, 487 U.S. 99, 110 (1988)(there remains, however, an open question where the "custodian"

[1] https://jimpielet.com/



LAW OFFICE OF ROBERT I. RUBIN, ESQ.
370 CAMINO GARDENS BLVD • SUITE 300 • BOCA RATON, FL 33432
TELEPHONE (561) 322-5752

is also the sole employee and officer of the corporation).

21. The Fifth Amendment can be invoked whenever an individual has a reasonable fear that providing truthful testimony might incriminate him in a future criminal proceeding. *Kastigar v. United States*, 406 U.S. 441, 444 (1972). The fear may be "remote," but it must be more than a "fanciful" fear. *In re Corrugated Container Antitrust Litig.*, 620 F.2d 1086, 1091 (5th Cir. 1980) (quoting *In re Folding Carton Antitrust Litig.*, 609 F.2d 867, 871 (7th Cir. 1979)).

22. When an individual invokes the Fifth Amendment, it is up to the court to determine whether the privilege is justified given the situation. The court will look at each question that was posed and determine: (1) is the answer sought incriminating on its face or in context (e.g. inconsistent with previous sworn testimony); and (2) is the witness' asserted fear of criminal prosecution reasonable under the circumstances? *United States v. Redhead*, 194 Fed.Appx. 234, 236 (5th Cir. 2006) (citing *Hoffman v. United States* 341 U.S. 479, 486-87 (1951)).

23. Pielet should not have asserted a blanket Fifth Amendment privilege; at any rate, Ross introduced both Andrews and Pielet to this litigation and they rose more questions about his credibility than they answered. Accordingly, issues of fact to be determined by the trier of fact exist and Plaintiff's Motion for Summary Judgment [DE # 38] should be denied.

**WHEREFORE**, the Respondents, Andrea M. Zide and Strachur Worldwide Ltd., by and through her undersigned counsel, hereby respectfully ask that this Honorable Court deny Plaintiff's Motion For Summary Judgment [DE # 38] and to grant such other and further relief the Court deems just, fair, and equitable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on this 15th day of May, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:______________________

Robert I. Rubin, Esq.
Florida Bar No. 7293
Counsel for Plaintiff
Telephone: (561) 322-5752
E-Mail: robertianrubin1958@gmail.com
pleadingsrir@gmail.com